# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-184-GKF |
| | ) |
| ALEJANDRO CABRERA CHARRE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Motion to Suppress [Dkt. #46] filed by defendant Alejandro Cabrera Charre ("Cabrera") and the Response in Opposition to Motion to Suppress filed by plaintiff the United States of America [Dkt. #50]. Cabrera's motion, filed on January 14, 2015, was due on December 5, 2014, and is thus untimely. Nevertheless, the court may consider such an untimely motion where the movant has shown good cause. Fed. R. Crim. P. 12(c)(3). n

During discovery, the government produced to Cabrera's counsel two police reports—filed by Officers Caballero and Mackensie—regarding the traffic stop that resulted in defendant's arrest. On January 12, two days prior to the pretrial conference before this court, the government produced an additional police report by Officer Capron. Cabrera argues that Officer Capron's report revealed two new facts that warrant the suppression of some statements made by the defendant during the stop. First, the defendant was questioned *after* his uncle, the driver of the vehicle, had been arrested and placed in one of the police vehicles at the scene. Second, the officer questioned the defendant while the latter was seated in the other police vehicle. Cabrera

argues that this questioning violated his constitutional rights because there was no reason to detain him after his uncle had been arrested for traffic violations.

The facts relevant to defendant's argument for suppression were readily available to the defendant and his counsel long before the deadline for pretrial motions. At the pretrial conference, defendant's counsel acknowledged that he has had access to the defendant and has discussed the case thoroughly with him. In addition the police report filed by Officer Caballero—one of the first two produced by the government—states that the defendant was questioned after his uncle's arrest. [*See* Dkt. #46-1, p.1 ("ALEJANDRO CABRERA STATEMENT- After securing Juan in my unit I went to speak with the passenger and officer Capron.")]. Because these facts were available to defendant well before the deadline for pretrial motions, the court concludes there is not good cause to consider defendant's untimely motion.

Therefore, the Motion to Suppress [Dkt. #46] is denied.[1]

ENTERED this 16th day of January, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant's Motion to Continue Jury Trial and Related Dates [Dkt. #48], filed earlier today, raises a separate issue and shall be decided separately.